# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL CASE NO. 2:11-CV-028-MR-DCK

| | |
|---|---|
| SUSAN COURTNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Notice Of Motion And Motion For Summary Judgment" (Document No. 17) and "Defendant's Motion For Summary Judgment" (Document No. 19). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Notice Of Motion And Motion For Summary Judgment" be denied; that "Defendant's Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

## I. BACKGROUND

Susan Courtney ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 3). On May 13, 2009, Plaintiff filed an application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383 *et seq.*, alleging an inability to work due to a disabling condition beginning January 8, 2007. (Transcript of the Record of Proceedings ("Tr.") 9). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on

August 28, 2009, and again after reconsideration on December 11, 2009. (Tr. 9). Plaintiff filed a timely written request for a hearing on February 9, 2010. Id.

On May 20, 2010, Plaintiff appeared and testified at a hearing before Administrative Law Judge Gregory M. Wilson ("ALJ"). (Tr. 9, 33-67). Plaintiff was represented at the hearing, as well as on appeal to this Court, by Russell R. Bowling. Id. Vocational Expert Kathleen H. Robbins, PhD, ("VE") also appeared at the hearing. (Tr. 9; Document No. 3). On June 18, 2010, the ALJ issued an unfavorable decision denying Plaintiff's claim. (Tr. 6-8, 9-32). Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on June 1, 2011. (Tr. 1-3). The June 18, 2010 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Amended Complaint" seeking a reversal of the ALJ's determination was filed in this Court on July 22, 2011. (Document No. 3). Plaintiff's "Notice Of Motion And Motion For Summary Judgment" (Document No. 17) and "Plaintiff's Memorandum" (Document No. 18), were filed January 9, 2012; and "Defendant's Motion For Summary Judgment" (Document No. 19) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 20), were filed March 5, 2012.

This matter was originally referred to Magistrate Judge Dennis Howell on July 22, 2011; it was reassigned to Magistrate Judge David Keesler on March 19, 2012. The Transcript of the Record of Proceedings was received by the undersigned on April 5, 2012. The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Martin Reidinger is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 657 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time since May 13, 2009, the date the application was filed.[1] (Tr. 9). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from May 13, 2009, through the date of his decision, June 18, 2010. (Tr. 31-32).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

---

[1] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

>   (5)     whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fourth step that Plaintiff was <u>not</u> disabled. (Tr. 31).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since May 13, 2009, her alleged disability onset date. (Tr. 11). At the second step, the ALJ found that Plaintiff's narcolepsy, hepatitis C, diabetes mellitus, cirrhosis, depression, personality disorder and history of substance abuse, were severe impairments. (Tr. 11).[2] At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 21).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work activity, with the following limitations:

>   (stand/walk for six of eight hours, sit for six of eight hours in a workday and lift/carry a maximum of 10 pounds frequently and 20 pounds occasionally) except she has the following additional limitations: limitations to frequent climbing of ramps/stairs and never climbing ladders/ropes/scaffolds, occasional balancing and frequently performing all other postural activities (stooping, kneeling, crouching and crawling); the need to avoid concentrated exposure to hazards (machinery, heights, etc.); and a limitation to simple one and two-step, low stress tasks, defined as requiring only occasional contact with the public.

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. <u>See Bowen v. Yuckert</u>, 482 U.S. 137 (1987).

5

(Tr. 26). In making his finding, the ALJ stated that he considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. Id. The ALJ also considered opinion evidence in accordance with the requirements of 20 CFR 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p. Id. The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above RFC assessment." (Tr. 30).

At the fourth step, the ALJ found that Plaintiff *could* perform her past relevant work as a housekeeper. (Tr. 30). At the fifth and final step, the ALJ concluded in the alternative, based on the testimony of a vocational expert and "considering the claimant's age, education, work experience, and residual functional capacity," that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 30-31). Specifically, the vocational expert testified that according to the factors given by the ALJ, occupations claimant could perform included representative occupations such as janitor, office helper and housekeeper. (Tr. 31). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between May 13, 2009, and the date of his decision, June 18, 2010. (Tr. 31).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ erred at step 2 in assessing Plaintiff's severe impairments; (2) the ALJ's residual functional capacity finding is not supported by substantial evidence; and (3) the ALJ erred at steps four and five by finding Plaintiff is capable of her past relevant work, or alternatively, other work in the national economy. (Document No. 18, p5). The undersigned will address these contentions in turn.

**A. Plaintiff's Impairments**

In his first assignment of error, Plaintiff contends that the ALJ "erred when he substituted his own lay opinion for that of the medical evidence and found her Bipolar Disorder, cervical strain and neurologic pain to be not severe." (Document No. 18, p.22). Plaintiff asserts that the ALJ did not provide an adequate rationale for his determination and that it was not supported by substantial evidence. Id.

1. Bipolar Disorder

Plaintiff recognizes that the ALJ "noted several medical providers had written the diagnosis of Bipolar Disorder" and that "the ALJ summarized these opinions." (Document No. 18, pp.23-24). However, Plaintiff argues that the ALJ failed to support his finding that this impairment was not severe, and that such error warrants remand. Id.

In response, Defendant first asserts that "Plaintiff's argument rests on a flawed understanding of the analytical framework underlying the sequential process." (Document No. 20, p.4). Defendant goes on to explain that the ALJ did not terminate the sequential evaluation at step 2, but instead found some severe impairments and then considered *all* Plaintiff's impairments, severe and nonsevere, in assessing her RFC. Id. Defendant concludes that even if there were error here, it would be harmless because the ALJ did not stop the analysis at step 2. (Document No. 20, p.5).

In addition, Defendant asserts that the ALJ conducted "an exhaustive discussion of the evidence, including Plaintiff's diagnoses of bipolar disorder." (Document No. 20, p.6) (citing Tr. 11-30). Defendant contends that the medical evidence of record supports a finding that Plaintiff could perform work, within the parameters of the ALJ's RFC determination. Id. (citing Tr. 26, 385, 389-90, 707, 716, 720, 819, 828, 832).

2. <u>Cervical Strain and Neurologic Pain</u>

Plaintiff next argues that the ALJ erred by failing to contact Dr. Lewis for clarification of his opinion; and that the ALJ should have provided a rationale for his opinion that Plaintiff's back, neck, shoulder, and neuralgic pain were not severe. (Document No. 18, pp.24-26). Plaintiff also argues that evidence throughout the record supports a finding that these impairments were severe. <u>Id.</u>

Defendant contends that the ALJ considered Plaintiff's diagnosis of back pain and other musculoskeletal complaints, and determined nonetheless that she could perform work consistent with his RFC finding. (Document No. 20, p.7)(citing Tr. 14, 26). Moreover, Defendant argues that two Agency physicians also concluded that Plaintiff could perform work within the parameters of the RFC determination. <u>Id.</u> (citing Tr. 26, 358-365, 808-815).

Defendant also contends that the evidence of record supports the ALJ's analysis of Dr. Lewis' opinion. (Document No. 20, p.7). Defendant further argues that contrary to Plaintiff's assertion, the ALJ did not have a duty to re-contact Dr. Lewis to discuss his opinion. <u>Id.</u>

After careful review of the parties' arguments and the record, the undersigned is not persuaded that the ALJ's consideration of Plaintiff's impairments amounts to reversible error. Rather, it appears that the ALJ thoroughly considered all of Plaintiff's impairments, severe and nonsevere. Based on Defendant's arguments and cited authority, the undersigned finds that the ALJ did not err by declining to identify Plaintiff's bipolar disorder and back, neck, and shoulder conditions and/or pain as severe impairments.

**B. Residual Functional Capacity**

Next, Plaintiff alleges that the ALJ's RFC determination is not supported by substantial evidence. (Document No. 18, pp.26-28). Plaintiff also suggests that the ALJ failed to develop the record by making reasonable attempts to obtain treating physician opinions; and that the medical evidence supports greater mental limitations than those found by the ALJ. (Document No. 18, p.26). Plaintiff argues that "the Commissioner's responsibility to develop the claimant's complete medical record extends to 'making *every reasonable effort* to help' the claimant obtain a statement from her treating physician regarding her residual functional capacity, which opinions the ALJ must then reconsider in reaching his decision." (Document No. 18, p.27) (citing 20 C.F.R. § 416.945(a)(3)). Plaintiff concludes that the ALJ's failure to obtain opinions from Drs. Davis, Clark, and Beaver was a failure to apply the appropriate legal standards. Id.

Defendant contends that the ALJ's RFC determination is supported by substantial evidence. (Document No. 20, pp.9-12). Specifically, Defendant argues that Plaintiff had the burden of providing evidence of her impairments and their severity, and that she failed to show that she was more limited than found by the ALJ's RFC determination. Id. (citing 20 C.F.R. § 416.912(c)). Defendant goes on to cite several sources supporting its position that the Agency is not required to seek out an RFC assessment from a treating source if it is not provided. (Document No. 20, p.11). Defendant concludes that the Agency physicians' RFC assessments provide substantial support and are sufficient. Id.

The undersigned finds that the ALJ review appears to have been thorough and that substantial evidence supports his RFC determination. In addition, the undersigned is not convinced that the ALJ decision, and the parties' arguments and cited authority, support a finding that incorrect legal standards were applied by the ALJ.

9

### C. Ability to Work

Finally, Plaintiff argues that the ALJ erred in relying upon a vocational expert to find Plaintiff capable of her past relevant work as a housekeeper, and alternatively, other work in the national economy. (Document No. 18, p.28). Plaintiff asserts that such a finding is "unsupported by substantial evidence due to the incomplete and inaccurate RFC." (Document No. 18, p.29). Therefore, Plaintiff concludes that the hypothetical did not accurately reflect Plaintiff's limitations. Id.

Defendant argues that substantial evidence does support the ALJ's RFC finding and that the ALJ's hypothetical to the VE properly contained all of the limitations ultimately found in the RFC assessment. (Document No. 20, p.12). The undersigned agrees. Moreover, review of the transcript of the hearing, including the VE testimony, does not indicated any error here. See (Tr. 31, 42, 61-66). The undersigned also notes that the ALJ decision opines that the VE testimony was consistent with the information in the Dictionary of Occupational Titles. (Tr. 31).

In short, substantial evidence appears to support the weight given by the ALJ to the VE testimony, and the conclusion that Plaintiff could perform her past relevant work and/or other work in the national economy. As noted above, it is not for the reviewing court to re-weigh the evidence or substitute its judgment for that of the Commissioner, as long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Hancock, 657 F.3d 470, 472 (4th Cir. 2012). Therefore, the undersigned does not find that the ALJ in this case has committed any error, or misapplication of the appropriate legal standards, requiring remand.

## IV. CONCLUSION

The undersigned does find that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Notice Of Motion And Motion For Summary Judgment" (Document No. 17) be **DENIED**; "Defendant's Motion For Summary Judgment" (Document No. 19) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Martin Reidinger.

**IT IS SO RECOMMENDED**.

Signed: April 30, 2012

David C. Keesler
United States Magistrate Judge