# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL CASE NO. 2:11cv028

| | |
|---|---|
| SUSAN COURTNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the parties' cross Motions for Summary Judgment [Docs. 17 and 19]; the Magistrate Judge's Memorandum and Recommendation [Doc. 21] regarding the disposition of those Motions; the Plaintiff's Objections to the Memorandum and Recommendation [Doc. 22]; and the Defendant's Response to Plaintiff's Objections [Doc. 23].

Pursuant to 28 U.S.C. § 636(b) and a specific Order of referral of this Court, the Honorable David C. Keesler, United States Magistrate Judge, was designated to consider these pending motions and to submit to this Court a recommendation for their disposition.

On April 30, 2012, the Magistrate Judge filed a Memorandum and Recommendation [Doc. 21] in this case containing proposed conclusions of law in support of a recommendation regarding the parties' Motions. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. Within the period for filing objections, the Plaintiff filed her Objections to the Memorandum and Recommendation. [Doc. 22]. The Defendant responded, urging the Court to accept the Memorandum and Recommendation in its entirety. [Doc. 23].

Having been fully briefed, this matter is now ripe for review.

**I.      BACKGROUND**

The Plaintiff does not lodge any specific objections to the Background section of the Memorandum and Recommendation, and, upon careful review, the Court concldues that the Magistrate Judge's statement of the relevant factual and procedural background is correct and supported by the record. Therefore, the portion of the Memorandum and Recommendation entitled "Background" is hereby adopted and incorporated by reference as if fully set forth herein.

## II. STANDARD OF REVIEW

The Court has authority to assign pending dispositive pretrial matters to a Magistrate Judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that the Court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court is not required to review, under a *de novo* or any other standard, the proposed factual findings or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Similarly, *de novo* review is not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

The Plaintiff contends that the Memorandum and Recommendation does not provide any rationale for the Magistrate Judge's proposed conclusions, and that it does not contain any meaningful analysis of the issues raised by the Plaintiff. [Doc. 22 at 1]. A careful *de novo* review of the record

3

reveals, however, that the Magistrate Judge's proposed conclusions are in fact correct. For example, in her first objection, the Plaintiff argues that the ALJ erred when he failed to find the Plaintiff's bipolar disorder, cervical strain, and neuralgic conditions to be severe impairments at step two of the sequential evaluation. [Doc. 22 at 1-3]. The Magistrate Judge rejected this argument, concluding that the ALJ's consideration of Plaintiff's impairments did not amount to reversible error. [Doc. 21 at 8]. For the reasons that follow, the Court agrees with the Magistrate Judge's assessment.

While the ALJ did not find the Plaintiff's bipolar disorder to be severe, the ALJ nevertheless addressed Plaintiff's multiple bipolar diagnoses and the effects of this condition throughout his exhaustive discussion of the evidence. [T. 11-30]. Moreover, in determining the Plaintiff's residual functional capacity (RFC), the ALJ cited the mental RFC assessments conducted by three separate Agency examiners -- Tovah M. Wax, Ph.D., Steven E. Salmony, Ph.D., and Richard S. Gross, Ph.D. -- who reviewed the medical evidence of record, acknowledged and discussed Plaintiff's diagnoses of bipolar disorder, and concluded that the Plaintiff was capable of simple, routine, repetitive tasks; that she had no significant limitation in her ability to understand, carry out and remember short, simple instructions; and that she had moderate

4

limitations in: her ability to understand, carry out and remember detailed instructions, her ability to perform activities within a schedule, maintain regular attendance and be punctual, her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, and her ability to respond appropriately to changes in the work setting. In all other areas of functioning, these health care professionals found that the Plaintiff had no significant limitations. [T. 27, 373-89, 387-90, 704-17, 718-20, 816-29, 830-33]. The Court finds that the opinions of these non-examining state agency medical sources are consistent with the medical evidence of record, and therefore were properly relied upon by the ALJ. See SSR 96-6p; see also Johnson v. Barnhart, 434 F.3d 650, 657 (4th Cir. 2005) (noting that an ALJ can rely upon an opinion from a non-treating medical expert where the medical expert has thoroughly reviewed the record and the opinion is consistent with the record as a whole); Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984) (noting that the opinion of a non-examining physician can constitute substantial evidence in support of the ALJ's decision when it is consistent with the record). Similarly, with respect to the Plaintiff's complaints of back, neck, shoulder, and neuralgic pain, the ALJ specifically

stated that he considered these conditions in determining the Plaintiff's RFC. [T. 14, 26]. Because the ALJ's RFC adequately accounted for the limitations resulting from all of the Plaintiff's impairments, including her bipolar disorder and her complaints of back, neck, shoulder, and neuralgic pain, the ALJ's failure to consider these conditions severe at step two was, at most, harmless error. Accordingly, the Plaintiff's first objection is overruled.

In her second objection, the Plaintiff contends that the ALJ erred in his RFC determination, arguing that the medical opinions of record indicate that the Plaintiff "could not perform even the most basic mental demands of unskilled work on a regular and continuing basis, and that she could not manage her own funds were she awarded them." [Doc. 22 at 4]. As the Magistrate Judge correctly noted, however, there is substantial evidence in the record to support the ALJ's RFC assessment. As noted previously, three separate Agency medical sources reviewed the medical evidence of record, and while acknowledging Plaintiff's diagnosis of bipolar disorder, concluded that she was capable of performing the mental demands of work within the parameters of the ALJ's ultimate RFC determination. [T. 27, 373-89, 387-90, 704-17, 718-20, 816-29, 830-33]. Because there is substantial evidence to

support the ALJ's determination of Plaintiff's mental limitations, the Plaintiff's second objection is overruled.

In her third objection, the Plaintiff argues that the Magistrate Judge mischaracterized her arguments regarding the ALJ's errors at steps four and five of the sequential evaluation process, and that the ALJ's findings at these steps lack the support of substantial evidence. [Doc. 22 at 4-5].

In her Motion for Summary Judgment, the Plaintiff took issue with the ALJ's reliance on vocational expert (VE) testimony, arguing that such testimony was premised upon a hypothetical that incorporated a faulty RFC. [See Doc. 18 at 28-29]. As such, Plaintiff foes not appear to dispute the Magistrate Judge's recommended conclusion that "the ALJ erred in relying upon a vocational expert" when that expert's testimony was based upon a "hypothetical [which] did not accurately reflect Plaintiff's limitations." [Doc. 21 at 10]. Therefore, Plaintiff's argument that the Magistrate Judge mischaracterized her argument with regard to the hypothetical questions posed to the VE is without merit. Notwithstanding the deficiencies in those hypothetical questions, however, the ALJ's determination at steps four and five that the Plaintiff was capable of performing her past relevant work as well as other work found in the national economy was suppoerted by substantial

evidence. Agency physicians N.B. Shah, M.D., Jennifer Pounds, M.D., and Perry Caviness, M.D. reviewed the record and concluded that Plaintiff could perform light work with certain limitations. [T. 358-65, 692-99, 808-15]. These findings are consistent with the limitations set forth in the ALJ's ultimate RFC determination. [T. 26]. The ALJ's hypothetical question to the VE accurately reflected all of these limitations, and therefore, the VE's testimony constituted substantial evidence in support of the ALJ's conclusions at steps four and five. See Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989) ("In order for a vocational expert's opinion to be relevant or helpful, . . . it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments."). The Plaintiff's third objection, therefore, is also overruled.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the Magistrate Judge was correct in concluding that there is substantial evidence in the record to support the ALJ's determination. Accordingly, the Court accepts the Magistrate Judge's recommendation that the Commissioner's decision should be affirmed.

# O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections [Doc. 22] are **OVERRULED**, and the Magistrate Judge's Memorandum and Recommendation [Doc. 21] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 19] is **GRANTED**; the Plaintiff's Motion for Summary Judgment [Doc. 17] is **DENIED**; and the decision of the Commissioner is **AFFIRMED**. This case is hereby **DISMISSED**.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED**.

Signed: May 28, 2012

Martin Reidinger
United States District Judge